# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 9, 2003 Session

## STATE OF TENNESSEE v. REGINALD D. TERRY

**Appeal by Permission from the Criminal Court of Appeals**
**Criminal Court for Shelby County**
**No. 98-03934      W. Fred Axley, Judge**

---

**No. W2001-03027-SC-R11-CD - Filed October 30, 2003**

---

We granted the defendant's application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to decide whether attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary, and, if so, whether the trial court in this case committed plain error by failing to so instruct the jury. The Court of Criminal Appeals held that attempted aggravated criminal trespass is not a lesser-included offense of attempted aggravated burglary and thus found no error in the trial court's failure to so instruct the jury. The defendant appealed to this Court. After a thorough review of the record and the relevant case law, we conclude that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary. However, we hold that the failure to instruct the jury on this lesser-included offense was not plain error. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals is Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

W. Mark Ward and Robert Wilson Jones (on appeal); and Timothy J. Albers and William Yonkowski (at trial), Assistant Public Defenders, Memphis, Tennessee, for the appellant, Reginald D. Terry.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark E. Davidson, Assistant Attorney General (on appeal); William L. Gibbons, District Attorney General; and Julie Mosley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Facts and Procedural History

This case has been before this Court on a prior occasion. The underlying facts and procedural history are as follows. Following a trial, a jury convicted the defendant of attempted aggravated burglary. The defendant failed to file a timely motion for new trial, and the judgment of the trial court became final thirty days after entry. The defendant appealed the conviction to the Court of Criminal Appeals, contending, inter alia, that the trial court committed plain error when it failed to instruct the jury on the lesser-included offense of attempted aggravated criminal trespass. The intermediate court affirmed the conviction, and the defendant appealed to this Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. We granted the defendant's Rule 11 application for the sole purpose of remanding the case to the Court of Criminal Appeals for reconsideration of the plain error issue in light of our then-recent decision in State v. Ely, 48 S.W.3d 710 (Tenn. 2001).

On remand the Court of Criminal Appeals again affirmed the judgment of the trial court. The intermediate court did not reach the plain error issue, but rather held that attempted aggravated criminal trespass was not a lesser-included offense of attempted aggravated burglary under the test articulated by this Court in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999). Therefore, the intermediate court found that there was no error in failing to instruct the jury on the offense of attempted aggravated criminal trespass.

The defendant appealed to this Court for a second time contending that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary and that the trial court committed plain error when it failed to instruct the jury on this offense. Further, the defendant asserted that this Court should review the issue on its merits in the interest of preventing needless future litigation.[1] See Tenn. R. App. P. 13(b) (2003). We granted review to determine whether attempted aggravated criminal trespass is a lesser-included offense of the charged offense, and if so, whether the trial court committed plain error by failing to so instruct the jury.

II. Standard of Review

The facts of this case are undisputed, and the only issue before this Court involves the application of the law to those facts. We review questions of law de novo without a presumption of correctness for the decision of the court below. Weston v. State, 60 S.W.3d 57, 59 (Tenn. 2001).

III. Analysis

"In applying the lesser-included offense doctrine, three questions arise: (1) whether an offense is a lesser-included offense; (2) whether the evidence supports a lesser-included offense instruction; and (3) whether an instructional error is harmless." State v. Allen, 69 S.W.3d 181, 187 (Tenn. 2002). On appeal, the State concedes that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary, that the evidence supported such an instruction, and that the failure to instruct on this offense was not harmless error beyond a reasonable doubt.

_____

[1]The defendant argued in his brief that he had a valid post-conviction claim based on ineffective assistance of counsel. He alleged that counsel was deficient for failing to file a timely motion for new trial.

Thus, the State contends that the only issue before this Court is whether the instructional error constituted plain error warranting review.

## A.  Lesser-included Offense

We agree with the parties that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary.  Pursuant to the Burns test, an offense is lesser-included if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
> (1) a different mental state indicating a lesser kind of culpability; and/or
> (2) a less serious harm or risk of harm to the same person, property or public interest; or
> (c) it consists of
> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

6 S.W.3d at 466-67.  Although both parties agree that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary pursuant to part (b) of this test, we provide the following analysis because this Court has not yet decided the matter and because there are conflicting intermediate court decisions. See State v. Moten, No. W2001-01922-CCA-R3-CD, 2002 WL 31730891, at *3 (Tenn. Crim. App. Nov. 22, 2002) (finding that "criminal trespass is not a lesser-included offense of aggravated burglary"); State v. Terry, No. W2001-03027-CCA-RM-CD, 2002 WL 31259488, at *6 (Tenn. Crim. App. Aug. 27, 2002) (holding that aggravated criminal trespass is not a lesser-included offense of aggravated burglary and thus, that attempted aggravated criminal trespass is not a lesser-included offense of attempted aggravated burglary); State v. Johnson, No. E2000-00009-CCA-R3-CD, 2001 WL 81696, at *8 (Tenn. Crim. App. Jan. 31, 2001) (holding "[c]riminal trespass, aggravated or otherwise, is not a lesser-included offense of burglary, aggravated or otherwise"); State v. Townes, 56 S.W.3d 30, 39 (Tenn. Crim. App. 2000) (finding that "employing a statutory approach . . . , criminal trespass cannot be a lesser-included offense of burglary"); cf. State v. White, No. E2001-02429-CCA-R3-CD, 2002 WL 1732338, at *4 (Tenn. Crim. App. Apr. 12, 2002) (holding that criminal trespass is a lesser-included offense of aggravated burglary); State v. Redd, No. W2000-01620-CCA-R3-CD, 2001 WL 912718, at *5 (Tenn. Crim. App. Aug. 9, 2001) (finding that "criminal trespass [is a] lesser-included offense[] of burglary").

We begin our analysis by noting that if aggravated criminal trespass is a lesser-included

offense of aggravated burglary under part (b) of the Burns test, then attempted aggravated criminal trespass would likewise be a lesser-included offense of attempted aggravated burglary under part (c) of the test. See Burns, 6 S.W.3d at 467. Therefore, the issue we must decide is whether aggravated criminal trespass is a lesser-included offense of aggravated burglary.

The crime of aggravated burglary is committed when a person: (1) without the effective consent of the property owner; (2) enters a habitation or remains concealed in such habitation; and (3) has the intent to commit a felony, theft or assault, or does commit or attempt to commit a felony, theft or assault. Tenn. Code Ann. §§ 39-14-402 to 39-14-403 (1997). The crime of aggravated criminal trespass is committed when a person: (1) knowing the person does not have the owner's effective consent to do so; (2) enters or remains on property owned by another, or a portion thereof; and (3) intends, knows, or is reckless about whether such person's presence will cause fear for the safety of another. Tenn. Code Ann. §§ 39-14-405 to 39-14-406 (1997).

Aggravated criminal trespass contains two elements in addition to those elements of aggravated burglary: first, that a defendant knows he or she does not have the owner's effective consent to enter or remain on the owner's property; second, that a defendant intends, knows, or is reckless about whether his or her presence will cause fear for the safety of another. Therefore, this offense does not meet part (a) of the Burns test. See Burns, 6 S.W.3d at 466. It does, however, meet part (b) of the Burns test because the two additional elements merely establish a different mental state indicating a lesser kind of culpability and establish a less serious harm or risk of harm to the same person, property, or public interest. See id. at 466-67.

In order to be found guilty of aggravated criminal trespass, a defendant must know that he or she does not have the owner's consent to enter or remain on the owner's property. There is no requirement that a defendant intend to commit a felony, theft or assault while on the property. Thus, the different mental state for entering or remaining on the property indicates a lesser kind of culpability for a defendant than that required for burglary. See State v. Ely, 48 S.W.3d 710, 720-21 (Tenn. 2001). Further, while a defendant must intend, know, or act recklessly with regard to whether his or her presence will cause fear for the safety of another, there is no requirement that a defendant intend, know, or act recklessly with regard to the cause of a felony, theft or assault; again, this indicates a lesser kind of culpability for a defendant than that required for burglary. Lastly, the element of aggravated criminal trespass requiring that the defendant must enter or remain on the owner's property, rather than a habitation, is a less serious harm or risk of harm to the same property owner because there is no requirement that the defendant actually enter a habitation on the property.

For these reasons, we conclude that aggravated criminal trespass is a lesser-included offense of aggravated burglary. Thus, we also conclude that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary. In so far as this holding conflicts with cases holding otherwise, including State v. Townes, 56 S.W.3d 30, 39 (Tenn. Crim. App. 2000), those cases are overruled. We now proceed to the dispositive issue of this case.

B. Plain Error

Although we have determined that attempted aggravated criminal trespass is a lesser-included offense of attempted aggravated burglary, the defendant waived his right to dispute the trial court's failure to instruct on the lesser-included offense by not filing a timely motion for new trial. See Tenn. R. App. P. 3(e) (2003). Thus, this Court need not grant relief unless the failure to instruct constituted plain error, or in the alternative, this Court, in the exercise of its discretion, opts to consider the merits of the issue. See State v. Adkisson, 899 S.W.2d 626, 636 (Tenn. Crim. App. 1994). Having so concluded, we must now address whether the instructional error was plain error.

The Tennessee Rules of Criminal Procedure explain that "plain error[,] . . . [a]n error which has affected the substantial rights of an accused[,] may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice." Tenn. R. Crim. P. 52(b). We have said that "[w]hether or not an appellate court should recognize the error and grant relief . . . depend[s] upon the facts and circumstances of the particular case." State v. Ogle, 666 S.W.2d 58, 61 (Tenn. 1984).

In State v. Smith, 24 S.W.3d 274 (Tenn. 2000), this Court discussed the recognition of plain error by appellate courts. In Smith, we adopted the test established in Adkisson, 899 S.W.2d at 641-42, to determine whether a trial error rises to the level of "plain error." Smith, 24 S.W.3d at 282-83. Adkisson held that the following five factors must be present for a finding of plain error:

> (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused [must not have waived] the issue for tactical reasons; and (e) consideration of the error [must be] "necessary to do substantial justice."

899 S.W.2d at 641-42 (footnotes omitted). All five factors must be established by the record before this Court will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established. Smith 24 S.W.3d at 283.

In the case under submission it is clear that all five factors have not been established. While at the time of trial it was clear and unequivocal that all lesser-included offenses must be charged, it was not clear whether attempted aggravated criminal trespass was a lesser-included offense of attempted aggravated burglary. Therefore, the trial court did not commit "plain error" when it failed to instruct the jury on attempted aggravated criminal trespass.

IV. Conclusion

For the foregoing reasons, we affirm the judgment of the Court of Criminal Appeals. It appearing that Reginald Terry is indigent, costs are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE