IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 7, 2003 Session

# WILLIAM ROMERO PADILLA v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Haywood County**
**No. 2864     Joseph H. Walker, III, Judge**

---

**No. W2003-00713-CCA-R3-PC  - Filed February 24, 2004**

---

The petitioner, William Romero Padilla, was convicted in the Haywood County Circuit Court of rape of a child and was sentenced to twenty-five years incarceration in the Tennessee Department of Correction.  Subsequently, he filed for post-conviction relief, alleging that counsel was ineffective and that "fundamental fairness" dictated that a different prosecutor should have represented the State at trial.  After an evidentiary hearing, the post-conviction court dismissed the petition, and the petitioner appealed.  Upon our review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellant, William Romero Padilla.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Garry G. Brown, District Attorney General; and Elaine Gwinn Todd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The petitioner was convicted of rape of a child and this court affirmed his convictions on direct appeal.  See State v. William Padilla, No. W1999-00009-CCA-R3-CD, 2000 WL 279864, at *1 (Tenn. Crim. App. at Jackson, Mar. 6, 2000).  Subsequently, the petitioner, acting pro se, filed for post-conviction relief.  In his pro se petition, the petitioner raised several issues, including ineffective assistance of counsel and that the prosecutor should have been recused because he had previously represented the petitioner in a criminal matter.  The post-conviction court appointed counsel to assist the petitioner and held an evidentiary hearing.

At the post-conviction hearing, the petitioner testified that his ability to read and write was "terrible." The petitioner stated that on the day of trial he informed counsel that he had been beaten in jail the night before. The petitioner and counsel discussed asking for a continuance because of the beating.

The petitioner stated that he did not remember if he told counsel before trial that the prosecutor had previously acted as his defense attorney. The petitioner claimed, "Seems like I have said something, but I don't remember it right off." The petitioner recalled that during his trial, after the testimony of two witnesses, counsel and the trial court discussed the prosecutor's prior representation of the petitioner. Upon questioning by the trial court, the petitioner stated that the prosecutor had previously represented him, but he was willing to let the prosecutor remain on the case. At the post-conviction hearing, the petitioner acknowledged that he told the trial court he had no objection to the prosecutor remaining on the case. He claimed that he agreed not to complain about the prosecutor because he was "not in [his] right mind" due to the medication he was taking as a result of the beating he had received the night before.

The petitioner admitted that he did not tell counsel, the judge, or the prosecutor that he was on medication during the trial, explaining that he did not think it was important. The petitioner could not remember the type of medication he was taking, and he conceded that he did not have any documentation to support his allegation that he was taking medication.

Next, the petitioner's trial counsel testified at the post-conviction hearing. Counsel stated that he learned of the petitioner's beating on the day of trial. He stated that the petitioner came to court in a wheelchair that day, but he had always walked with a "pronounced limp" and was "drawing Social Security disability." Counsel did not recall if the petitioner requested that he seek a continuance. However, counsel maintained that he would have asked for a continuance if the petitioner had requested.

Counsel testified that "my impression of [the petitioner] that day was he was clear-minded." Counsel observed that the petitioner had carried on logical, intelligent conversations with him. Counsel further stated that the petitioner was able to participate in his defense. In sum, counsel saw no indications that the petitioner was under the influence of any type of medication.

Counsel stated that he was "not sure" if he was aware prior to trial that the prosecutor had previously represented the petitioner. However, counsel testified, "I do recall the issue was raised while we were sitting at counsel table." Counsel believed that the jury had already been selected at the time the petitioner brought the prior representation to his attention.

Counsel stated that because it was his duty to inform the court of the prior representation, he advised the trial court of the potential conflict as soon as he became aware of it. Upon questioning by the trial court, the petitioner stated that he understood there was a potential conflict but nevertheless wanted to proceed with trial. Counsel maintained that if the petitioner had indicated

he did not want to proceed with the same prosecutor, he would have asked for a continuance or the removal of the prosecutor.

Counsel explained that the prosecutor had previously represented the petitioner when the petitioner was a juvenile. At the time of trial, the petitioner was thirty-seven years old. Accordingly, counsel thought that the prior representation had occurred approximately twenty years prior to trial.

Following counsel's testimony, the State read a portion of the trial transcript to the post-conviction court. The trial transcript revealed that a jury-out hearing was held on this matter. The following colloquy was held during the jury-out hearing:

> Trial Court: Okay. Now, did you acquire any unique knowledge about this [petitioner] as a result of your representation of this [petitioner] in the past?
>
> Prosecutor: No, Your Honor.
>
> Trial Court: Have you acquired anything that's put you in the advantage of the prosecution of this case that you would not have had because of your former employment of this – by this client?
>
> Prosecutor: No, Your Honor.
>
> Trial Court: Do you know of any advantage that you feel like that you have gained as a result of this prior representation?
>
> Prosecutor: No, Your Honor. In fact, I only recall that the event happened and that the charges were dismissed. I do not even recall the details of the matter.
>
> Trial Court: All right. [Counsel,] do you have any questions that you want to present to the [prosecutor]?
>
> Counsel: No, sir, I don't have any questions for [the prosecutor]. I wold like to state that this case came to my attention, of course, during the course of my investigation or my representation of my client, and I just – I don't – I don't guess it's necessary we – necessary we put him under oath, but I'll just ask him here.
>
> Mr. Padilla, you and I discussed this potential conflict of interest that . . . [the prosecutor] may or may not have, did we not?
>
> The petitioner: Yes, we did.

Counsel: All right. And I advised you that I could, in presenting this issue to the Court, ask that this matter be continued and that perhaps another prosecutor prosecute this case, did I not?

The petitioner: Yes, sir.

Counsel: All right. And after I explained to you that, you still desire to go ahead and proceed to trial today; is that correct?

The petitioner: Yes.

Counsel: Do you understand that [the prosecutor] is prosecuting this case against you; is that correct?

The petitioner: Yes, sir.

Counsel: And you have no problem with him doing that, in light of his prior representation?

The petitioner: No, I don't.

Trial Court: Well, let me ask this. Are we not – is the testimony of your client today is that he does not want you, on his behalf, to file a motion to have [the prosecutor] recused . . . from this case? Is that what he's saying?

Counsel: Is that correct, that you do not want me to file a motion with this Court asking that [the prosecutor] step off of the case as the prosecutor?

The petitioner: No.

Trial Court: All right. Then, [counsel], in your representation of this client and your involvement with this case throughout, do you know of anything of your personal knowledge that would tend to indicate that the [prosecutor] may be in a position that he shouldn't be involved in the prosecution of this case?

Counsel: No, sir.

Based upon the foregoing, the post-conviction court dismissed the petition for relief, finding that the petitioner had not proven that counsel's representation was deficient, nor had he proven that he was prejudiced by the actions of counsel. The post-conviction court also noted that the petitioner

did not complain about the prosecutor remaining on the case. The petitioner timely appealed this ruling. The petitioner raises two main complaints: (1) counsel was ineffective; and (2) because the prosecutor had previously represented the petitioner, "fundamental fairness" dictated that the petitioner should have been prosecuted by someone else.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997).[1] "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

Moreover, we note that a claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

In the instant case, the post-conviction court found that counsel was not deficient in his representation of the petitioner. The court noted that counsel "did what he should have done by bringing the issue to the Court's attention." Counsel's testimony revealed that he brought the issue to the trial court's attention as soon as he was aware of the potential conflict. Moreover, the post-conviction court found that the petitioner failed to demonstrate how he was prejudiced by the prosecutor not being recused. Based upon our examination of the record, we fully concur with the findings of the post-conviction court.

---

[1] Since the post-conviction hearing in the instant case, this provision has been codified at Tennessee Code Annotated section 40-30-110(f) (2003).

Next, the petitioner complained that "the Assistant District Attorney prosecuting the case against [the petitioner] but representing him on a similar charge in the past [should have been] removed as the prosecutor." Regrettably, the petitioner's brief contains no argument in support of this issue, nor are there any citations to the record. Rule 10(b) of the Rules of the Tennessee Court of Criminal Appeals provides that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Additionally, Tennessee Rule of Appellate Procedure 27(a)(7) (emphasis added) instructs:

> The brief of the appellant *shall* contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Moreover, we conclude that the petitioner has also waived this issue by failing to raise it on direct appeal. Tennessee Code Annotated section 40-30-206(g) (1997) provides that an issue is waived if a petitioner "personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." See also Tenn. Code Ann. § 40-30-106(g) (2003); State v. Townes, 56 S.W.3d 30, 35-36 (Tenn. Crim. App. 2000), overruled on other grounds by State v. Terry, 118 S.W.3d 355 (Tenn. 2003).

### III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE