# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 28, 2003

## STATE OF TENNESSEE v. JAY CHAMBERS

### Appeal from the Criminal Court for Scott County
### No. 7547   E. Shayne Sexton, Judge

### No. E2002-01308-CCA-R3-CD
### March 25, 2004

JOSEPH M. TIPTON, J., concurring.

I concur in the results reached in the majority opinion. I believe, however, that the failure to file a motion for new trial does not foreclose our acting on plain error which affects substantial rights of the defendant. See Tenn. R. Crim. P. 52(b). For example, courts have reversed convictions and granted new trials based upon plain error because of the failure to instruct on lesser included offenses even though the issue was not preserved by the motion for a new trial. See, e.g., State v. Terry, 118 S.W.3d 355 (Tenn. 2003); State v. Walter Wilson, W2001-01463-CCA-R3-CD, Shelby County (Tenn. Crim. App. Sept. 4, 2002); State v. Jason Thomas Beeler, W1999-01417-CCA-R3-CD, Obion County (Tenn. Crim. App. Nov. 22, 2000). Thus, we should not necessarily limit our consideration to whether the defendant's claims would result in dismissal.

I also believe that our holding that the appeal is to be dismissed obviates any need to consider the merits of the defendant's claims. We should not decide such claims by obiter dictum. Most importantly, though, the majority opinion looks to the transcript of a null proceeding, i.e., the new trial motion hearing, to decide the defendant's claim of the ineffective assistance of counsel. We should not rely upon such a hearing.

My concurrence is based upon my conclusion that based on the record before us, the defendant has not presented just cause for our waiving the filing of a notice of appeal. Therefore, I agree that the appeal should be dismissed.

_____
JOSEPH M. TIPTON, JUDGE