IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 20, 2004

**PATRICK D. PARIS v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 241833     Stephen M. Bevil, Judge**

_____

**No. E2003-01930-CCA-R3-PC**
**May 11, 2004**
_____

The petitioner, Patrick D. Paris, appeals the denial of his post-conviction relief petition relating to his convictions for attempted first degree murder and especially aggravated robbery. On appeal, the petitioner contends: (1) he received ineffective assistance of counsel at trial; and (2) the trial court erred in failing to charge attempted voluntary manslaughter as a lesser-included offense of attempted first degree murder. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Wadrick A. Hinton, Chattanooga, Tennessee, for the appellant, Patrick D. Paris.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William H. Cox, III, District Attorney General; and Benjamin T. Boyer, Sr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A jury convicted the petitioner of attempted first degree murder and especially aggravated robbery for events relating to the shooting of Jason Davis on April 7, 1997. The trial court ordered the petitioner to serve an effective twenty-three-year sentence. A panel of this court affirmed the petitioner's conviction on direct appeal. _See_ State v. Patrick D. Paris, No. E2000-02672-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 862 (Tenn. Crim. App. Oct. 29, 2001), _perm. to app. denied_ (Tenn. 2002).

**I.  UNDERLYING FACTS**

This court's opinion on the direct appeal reveals that on April 7, 1997, while the victim, the petitioner, and Edward Williams were walking toward a residence to purchase drugs, the petitioner shot the victim in the back of the head. Williams testified that the petitioner had earlier informed

him that the victim had been "messing" with the petitioner's girlfriend and said, "Man, if the n***** lie about it I'm going to bust him." Upon awakening approximately two hours after being shot, the victim crawled to a local convenience store where he told Jennifer Ellis, the store manager, that the petitioner had shot him. The victim's gun, beeper, jewelry, car keys, and $600 were missing.

Williams testified he did not shoot the victim and that the petitioner admitted shooting the victim. Ronnie Bennett testified the petitioner informed him of shooting the victim in the back of the head. Kaya Reeves, the victim's girlfriend, testified that on April 7, the petitioner and Derrick Jenkins arrived at her residence in the petitioner's vehicle. The petitioner informed Reeves that he was the victim's cousin, that the victim had been involved in a shootout with the police, that the victim was in jail, and that the victim requested his belongings. The petitioner took the victim's clothes, a gun, and a Playstation.

Upon being interviewed by police, the petitioner initially denied any knowledge of the shooting. Over the course of the investigation, the petitioner gave four conflicting versions of the events. The petitioner informed the police that Williams likely shot the victim due to a contract on the victim's life. At trial, the petitioner testified he did not shoot the victim and that he believed Williams shot the victim.

## II. POST-CONVICTION RELIEF HEARING

At the post-conviction relief hearing, trial counsel testified he was appointed to represent the petitioner at the petitioner's arraignment. After the petitioner was released on bond, he and trial counsel met at trial counsel's office on nine occasions. Trial counsel stated the petitioner missed four additional scheduled meetings. Trial counsel explained that prior to trial, the petitioner was arrested for an unrelated incident and that he and the petitioner met on six additional occasions at the jail.

Trial counsel testified he and the petitioner discussed the facts of the case and their defense strategy. The petitioner informed trial counsel that Williams shot the victim. Trial counsel stated the petitioner did not tell him that he was intoxicated when the offenses occurred; rather, the petitioner told trial counsel that he had consumed one beer on the day of the incident. The petitioner further informed trial counsel that he smoked marijuana on the day of the offenses.

Trial counsel testified he and the petitioner discussed whether the petitioner should testify at trial, as well as the advantages and disadvantages. Trial counsel stated the petitioner wanted to testify that he did not "do it" and that Williams was the perpetrator. Trial counsel further stated he prepared the petitioner for testifying at trial by conducting a mock cross-examination.

Trial counsel recalled that during the first day of trial, the trial judge informed the parties that a number of bench conferences were not recorded. Trial counsel reviewed his objections and discovered that five bench conferences had not been recorded at that point during trial. Trial counsel explained that two of the unrecorded conferences involved two jurors who were excused; the third related to the introduction of photographs; the fourth concerned an issue of an excited utterance which was later admitted at trial; and the fifth related to trial counsel's request that the trial court

prohibit the victim from mentioning the petitioner's unrelated aggravated robbery charge in which the victim, a co-defendant, had pled guilty.[1]

Trial counsel testified that during trial, the petitioner informed him that inmates, who were also witnesses for the state, were confined in the same holding area. Trial counsel stated he requested these inmates be separated and questioned them on cross-examination as to whether the inmates had discussed their trial testimony. Trial counsel further stated he did not request a mistrial but did list the issue as a Tennessee Rule of Evidence 615 violation in the motion for new trial.

Trial counsel explained that he did not ask the trial court to charge attempted voluntary manslaughter as a lesser-included offense of attempted first degree murder because the petitioner's defense was that he was not the shooter.

Appellate counsel, who represented the petitioner during the hearing on the motion for new trial and on direct appeal, testified he reviewed the trial transcript and noted numerous unrecorded bench conferences. The trial judge had attempted to recite some of the unrecorded conferences for the record. Appellate counsel stated he spoke to trial counsel regarding the unrecorded conferences but did not receive any further material information. Appellate counsel testified that as a result, he was unable to determine whether the unrecorded conferences involved any appealable issues.

The petitioner testified he first met with trial counsel at the jail a few days after trial counsel was appointed to represent him. After the petitioner was released on bond, he and trial counsel met on nine or ten occasions at trial counsel's office. The petitioner stated they discussed the case only "a little bit." The petitioner further stated that one week prior to trial, he was arrested on the unrelated charge, and he and trial counsel met on two or three occasions at the jail in order to discuss the unrelated charge.

The petitioner stated he informed trial counsel that prior to the shooting, he had been consuming alcohol and marijuana "all day long." At the hearing, the petitioner testified he had consumed only a "few beers" on the afternoon of the incident, so the alcohol "wasn't really no factor." The petitioner also continued to maintain that he did not shoot the victim.

The petitioner recalled that the trial court instructed the trial witnesses to refrain from discussing the case with each other. Following the trial court's instruction, the petitioner observed Bennett and Williams confined on the same floor in the jail. The petitioner stated he was unaware of whether they were discussing the case. The petitioner further stated that although he informed trial counsel of his observations, trial counsel did not object to their testimony or request a mistrial. The petitioner acknowledged that trial counsel cross-examined Bennett and Williams as to whether they had discussed the case.

---

[1]The trial transcript reflects that the victim and the petitioner were jointly charged with an aggravated robbery committed two days prior to commission of the instant offense. Defense counsel was allowed to cross-examine the victim about his guilty plea to the offense without revealing that the petitioner was also charged.

### III.  POST-CONVICTION COURT'S FINDINGS

In denying post-conviction relief, the post-conviction court noted trial counsel prepared the petitioner for his trial testimony.  The court further noted trial counsel attempted to impeach the victim's testimony by cross-examining him regarding his prior convictions, his consumption of marijuana on the day of the shooting, and his previous "lies under oath."  The court further found trial counsel was not deficient regarding sequestration of the witnesses.  The court noted the issue was raised during trial and was "thoroughly" considered.

The post-conviction court found trial counsel was not ineffective in failing to request a jury instruction on attempted voluntary manslaughter as a lesser-included offense.  The court noted the parties presented no reasonable evidence at trial to support a charge on attempted voluntary manslaughter.  The court further noted that at trial, the petitioner maintained that Williams shot the victim.

### IV.  STANDARD OF REVIEW

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise.  State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings.  Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003).  This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court.  State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001).  However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness.  Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

### V.  INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends he received ineffective assistance of counsel at trial.  Specifically, the petitioner maintains trial counsel was ineffective in failing to adequately prepare for trial, in failing to ensure all bench conferences were recorded during trial, and in failing to ensure that the state complied with Tennessee Rule of Evidence 615 relating to sequestration of witnesses.  The state contends the petitioner failed to establish ineffective assistance of counsel.  We agree with the state.

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense."  Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Should the petitioner fail to establish either factor, the petitioner is not entitled to relief.  Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069). The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see* Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. *See* Jaco, 120 S.W.3d at 830.

## A. Trial Preparation

The petitioner submits trial counsel failed to investigate or interview the state's "key witnesses," thereby preventing any opportunity to impeach those witnesses at trial. However, the petitioner in his brief failed to identify these "key witnesses" and failed to cite to any portion of the record relating to this issue. *See* Tenn. R. App. P. 27(a)(7), (g); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997) (holding the failure to cite to the record waives the issue). Further, trial counsel testified he interviewed Ellis and Reeves prior to trial. Trial counsel did not interview Williams or the victim because they were both represented by counsel. However, trial counsel reviewed an audiotape recording of Williams' preliminary hearing. Trial counsel was also aware that the victim had given a prior statement during which he was unable to recall who had shot him. The record establishes that trial counsel thoroughly cross-examined Williams and the victim at trial. The petitioner has failed to establish that any further pre-trial interviews with the state's witnesses would have had any effect on the outcome of the trial.[2]

The petitioner submits trial counsel failed to discuss defense strategy with the petitioner and, as a result, failed to present evidence at trial of the petitioner's mental state when the shooting occurred. However, trial counsel testified he and the petitioner discussed their defense strategy prior to trial. The petitioner informed trial counsel that he smoked marijuana on the day of the shooting and insisted that he did not shoot the victim. Furthermore, the post-conviction court noted that trial

---

[2]Although not mentioned in the petitioner's brief, trial counsel was cross-examined at the post-conviction hearing as to records he sought to obtain or did obtain after trial indicating Kaya Reeves, the victim's girlfriend, was not a student at Austin Peay or the University of Memphis. This would be contrary to her trial testimony. This was apparently mentioned in the motion for new trial, although the motion is not a part of the record. Furthermore, neither the motion for new trial transcript nor any other records relating to this issue appear in the record. Thus, the record before the court does not establish that trial counsel was deficient or that the petitioner was prejudiced.

counsel properly prepared the petitioner for his testimony at trial. The evidence does not preponderate against the post-conviction court's findings. Accordingly, this argument is without merit.

## B. Unrecorded Bench Conferences

The petitioner maintains trial counsel failed to ensure that all bench conferences were recorded, thus denying the petitioner the opportunity to appeal issues discussed during the bench conferences. However, trial counsel testified that after the trial court informed him of the unrecorded conferences, he reviewed his objections as to the five conferences which had not been recorded at that time. One of the unrecorded conferences related to an excited utterance, which was also presented as an issue on direct appeal. *See* Patrick D. Paris, 2001 Tenn. Crim. App. LEXIS 862, at ** 21-25. A panel of this court held that the trial court properly admitted the statement at trial. *Id.* at **24-25. Furthermore, the petitioner has failed to identify any issue involved in the unrecorded conferences that had any merit. We may not speculate otherwise. Thus, the petitioner has failed to establish prejudice.

## C. Violation of Tennessee Rule of Evidence 615

The petitioner submits trial counsel failed to ensure that the state complied with Tennessee Rule of Evidence 615 at trial and that, as a result, the state's witnesses had the opportunity to discuss their testimony during trial. Rule 615 provides that "[a]t the request of a party the court shall order witnesses, including rebuttal witnesses, excluded at trial or other adjudicatory hearing." Tenn. R. Evid. 615. Furthermore, "[t]he court shall order all persons not to disclose by any means to excluded witnesses any live trial testimony or exhibits created in the courtroom by a witness." *Id.* The purpose of the sequestration rule is to prevent witnesses from hearing the testimony of other witnesses and subsequently adjusting their testimony. State v. Harris, 839 S.W.2d 54, 68 (Tenn. 1992).

The petitioner takes issue with trial counsel's failure to object or request a mistrial. However, there is no indication that if trial counsel had done so, the trial court would have granted a mistrial or excluded the testimony of Bennett and Williams. A trial court may impose a variety of sanctions for a Rule 615 violation according to the circumstances. State v. Anthony, 836 S.W.2d 600, 605 (Tenn. Crim. App. 1992). The decision to exclude or permit the testimony is a matter within the trial court's discretion, subject to a showing of abuse of that discretion and prejudice to the complaining party. State v. Black, 75 S.W.3d 422, 424-25 (Tenn. Crim. App. 2001).

The trial transcript reveals that after learning the witnesses were together during trial, trial counsel cross-examined both as to whether they had discussed the case. Both denied any such discussions. The petitioner testified he was unaware of whether they discussed the case. The petitioner has failed to establish that trial counsel's failure to object or request a mistrial resulted in prejudice.

## VI. LESSER-INCLUDED OFFENSE

The petitioner contends the trial court erred in failing to instruct the jury on attempted voluntary manslaughter as a lesser-included offense of attempted first degree murder. The petitioner presents this issue as a free-standing claim. Subject to exceptions which are inapplicable to the present case, the Post-Conviction Procedure Act prohibits consideration of any claim which could have been, but was not, presented in an earlier proceeding. Tenn. Code Ann. § 40-30-106(g) (2003). The petitioner failed to raise this issue on direct appeal. Therefore, this issue is waived. *See* State v. Townes, 56 S.W.3d 30, 38 (Tenn. Crim. App. 2000), *overruled on other grounds by* State v. Terry, 118 S.W.3d 355, 358 (Tenn. 2003).

Regardless, even if we considered the issue to be a claim of ineffective assistance of counsel due to trial counsel's failure to request the instruction, trial counsel testified he did not request the instruction because it would be inconsistent with their defense that the petitioner was not the shooter. Trial counsel made a reasonable tactical decision which we may not second-guess. *See* Adkins, 911 S.W.2d at 347. We also note the trial court did instruct on attempted second degree murder as a lesser-included offense; yet, the jury convicted the petitioner of attempted first degree murder as charged. Had this issue been raised on appeal by appellate counsel, it would be harmless error at most. *See* State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998) (holding failure to instruct on voluntary manslaughter as a lesser-included offense of first degree murder was harmless where jury convicted on first degree murder and declined to convict on second degree murder).

The petitioner's contentions are without merit. Accordingly, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE