IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 21, 2015

**STATE OF TENNESSEE v. LATONYA SHANTA BOWMAN**

**Appeal from the Criminal Court for Knox County**
**No. 88564      Mary Beth Leibowitz, Judge**

**No. E2014-01153-CCA-R3-CD - Filed February 10, 2015**

The Defendant, Latonya Shanta Bowman, appeals as of right from the Knox County Criminal Court's order revoking her probation and ordering that she serve the remainder of her sentence in confinement. The Defendant contends that the trial court erred by revoking her probation "without considering alternative sentencing options." Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Mitchell T. Harper, Knoxville, Tennessee, for the appellant, Latonya Shanta Bowman.

Herbert H. Slatery, III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Charme Allen, District Attorney General; and Jennifer Welch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2008, the Defendant pled guilty in case number 82966 to one count of aggravated assault, in case number 88564 to two counts of aggravated assault, and in case number 86415 to one count of theft of property. The Defendant was sentenced to three years for each of the aggravated assault convictions and eleven months and twenty-nine days for the theft conviction. The sentences in case numbers 88564 and 86415 were ordered to be served concurrently to each other but consecutively to the sentence in case number 82966, for a total effective sentence of six years. The trial court suspended the Defendant's sentence and placed her on enhanced probation. On March 28, 2012, the trial court transferred the Defendant from enhanced probation to "regular" probation.

On January 4, 2013, a violation warrant was filed alleging that the Defendant had been cited for driving with a revoked license on December 6, 2012, and that she failed to report the citation to her probation officer. The warrant also alleged that the Defendant was arrested on December 23, 2012, and charged with possession of a Schedule II controlled substance, possession of less than .5 grams of cocaine, and simple possession of a controlled substance. The Defendant was also charged with violating an order of protection. On November 15, 2013, an amended violation warrant was filed alleging that the Defendant had been arrested on October 15, 2013, for aggravated assault, that she had failed to report to her probation officer since September 2013, and that she was "behind in paying her court costs."

On May 16, 2014, the trial court held a revocation hearing at which the Defendant's probation officer, Rebecca Edonmi, testified. Ms. Edonmi testified about the new offenses with which the Defendant had been charged. Additionally, Ms. Edonmi testified that the Defendant had not reported to her since September 2013 and that the Defendant had failed to pay her court costs. Ms. Edonmi also testified that the Defendant had been "very belligerent" and "hateful" to her when she required the Defendant to take a drug test. Ms. Edonmi further testified that the Defendant had "a cavalier attitude towards" her probation. The trial court revoked the Defendant's probation based upon the new offenses, the Defendant's ignoring her probation officer's instructions, and the fact that she had "never paid anything on" her court costs. The trial court ordered the Defendant to serve the remainder of her sentence in confinement, stating that there was "not a whole lot left that [it] could do" given the numerous new offenses the Defendant had committed.

On appeal, the entire argument contained in the Defendant's brief is as follows: "The [D]efendant's sole issue on appeal is the trial court's revocation of the [D]efendant's probation without considering alternative sentencing options available to the court. At minimum, a referral back to Enhanced State Probation, where the [D]efendant had been a successful probationer before." The State responds that the trial court did not err in revoking the Defendant's probation and ordering her to serve the remainder of her sentence in confinement.

The Defendant has waived full appellate review of this issue. The Defendant has failed to include in her brief to this court any citations to the record, any citations to legal authority to support her contentions, and any argument beyond the two conclusory sentences noted above. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Due to the Defendant's waiver of this issue, we examine the issue solely to determine whether plain error review is appropriate.

The doctrine of plain error only applies when all five of the following factors have been established:

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused must not have waived the issue for tactical reasons; and
> (e) consideration of the error must be "necessary to do substantial justice."

State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." Id. at 231.

Plain error review is not warranted in this case because the Defendant has failed to establish that a clear and unequivocal rule of law has been breached. This court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). It was well within the trial court's authority to order the Defendant to serve her original sentence in confinement upon revoking her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Accordingly, we affirm the trial court's revocation of the Defendant's probation and order that she serve the remainder of her sentence in confinement.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE