FILED
04/05/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 7, 2017 Session

**STATE OF TENNESSEE v. JAMES WILLIAMS**

**Appeal from the Criminal Court for Shelby County**
**No. 16-05454     J. Robert Carter, Jr., Judge**

_____

**No. W2017-01117-CCA-R3-CD**
_____

The Defendant, James Williams, was convicted by a jury of one count of driving under the influence (DUI) per se, one count of DUI, and one count of reckless driving. The trial court merged the DUI per se conviction with the DUI conviction and imposed a sentence of eleven months and twenty-nine days to be served in the county workhouse. On appeal, the Defendant contends that the trial court erred in denying his motion to suppress, which challenged "the legality of the traffic stop" resulting in the Defendant's arrest. Following our review, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS JR, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN. and ROBERT L. HOLLOWAY, JR., JJ., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, James Williams.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Sam Winnig, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On September 13, 2016, the Shelby County grand jury indicted the Defendant with one count of DUI per se, one count of DUI, and one count of reckless driving.[1] See

---

[1] We note that the indictments of the Defendant were erroneously omitted from the record on appeal and instead indictments from an unrelated matter were included. On this court's own motion and pursuant to Rule 24(e) of the Rules of Appellate Procedure, the trial court clerk supplemented the record with the correct indictments of the Defendant.

Tenn. Code Ann. §§ 55-10-205, -401. Prior to trial, the Defendant filed a motion to suppress evidence obtained during the traffic stop, and a hearing was held on January 20, 2017.

Memphis Police Department Officer Michael Huff testified at the suppression that he was working during "the early hours" of September 20, 2015, and that he stopped the Defendant at approximately 2:45 a.m. When asked to describe the events that led to the traffic stop, Officer Huff explained, "I was eastbound on I-40 approaching Sycamore View when I noticed a black Toyota Highlander in front of me, swerving in and out of lanes[,] which caught my attention." Officer Huff specified that the Defendant was "[c]hanging from lane to lane, [using] no signal, straddling the lanes, the yellow lines, the line provided in the roadway." Regarding the condition of I-40, Officer Huff testified that it was not "free and clear." He said that due to construction on the road, "there were no emergency lanes for anybody to pull over" "on the right hand side" and that there had been "several accidents because of" the construction.

Officer Huff said that after seeing the Defendant swerving, he "kept observing" and saw the Defendant "exit[] on to Sycamore View and stop[] at the red-light." Officer Huff explained that he drove into the lane next to the Defendant and noticed that the Defendant "had his phone up and he appeared to be texting." Officer Huff said that the Defendant was the driver of the Toyota Highlander and that no one else appeared to be in the vehicle. Officer Huff was asked if he could see whether "[the Defendant] was sending a te[x]t" or specifically what was on the screen of the phone, to which Officer Huff replied that he "could see the phone screen" and that the Defendant was holding up the phone.

Officer Huff said that "[o]nce [the Defendant] turned northbound, he still continued to have his phone up[,]" and Officer Huff "initiated a traffic stop." Officer Huff explained that he used the "blue lights and siren" on his vehicle and that the Defendant pulled over his vehicle immediately. Officer Huff testified that he approached the driver's side of the vehicle and "asked [the Defendant] for a driver's license, registration[,] and proof of insurance." Officer Huff said that he "could smell the odor of an intoxica[nt] coming from [the Defendant] and inside the car." Officer Huff asked the Defendant to exit the vehicle and perform a series of field sobriety tests. The Defendant exited the vehicle; however, he refused to do the field sobriety tests. Officer Huff said that he "placed [the Defendant] under arrest, under suspicion of DUI." Officer Huff testified that ultimately, the Defendant was "arrested for a second offense, DUI." He explained that the Defendant was "transported for a blood draw."

On cross-examination, Officer Huff admitted that he did not know the exact number of times the Defendant's vehicle "straddle[ed] the lane or change[d] lanes." Officer Huff testified that it was "[m]ore than once," but "less than ten times[.]" He

explained, "I have to drive, too[.] . . . I have to maintain . . . watching the road and try to watch everything else."  When asked if the basis for his traffic stop was "for the texting[,]" Officer Huff responded, "Yes, sir."  Defense counsel asked Officer Huff how long he observed the Defendant's holding up the phone, and Officer Huff replied, "The [traffic] light was approximately one minute and [the Defendant] had the phone up then[,] and when we continued northbound, once the light turned green, he still had the phone up."

At the conclusion of the hearing, the trial court denied the Defendant's motion to suppress.  The trial court referenced two Tennessee supreme court cases State v. Davis, 484 S.W.3d 138 (Tenn. 2016), and State v. Smith, 484 S.W.3d 393 (Tenn. 2016), and reasoned that these cases

> discuss[ed] the difference between probable cause [and] reasonable suspicion[,] and they specifically discussed straddling of lanes.  Straddling the lanes within a lane and straddling a lane from changing lane to lane and also straddling of a lane and these cases are very clear.  When an [o]fficer observes that, as part of the totality of the circumstances[,] and I am not even getting to whether holding a screen up[,] or not.
>
> I personally believe and I think that probably would justify reasonable suspicion, but you know, for purposes of the totality of the circumstances[,] here I think the [o]fficer had reasonable suspicion that a law was being violated and he activated his stop and then after that, the odor of the intoxica[nt] and the various thing[s] that followed, gave rise to probable cause to detain him further, which then l[e]d to the field sobriety [tests], or the lack thereof.
>
> So with all due respect I think the stop in this case was not a violation of [the Defendant's] Fourth Amendment [r]ights to be free from unreasonable search and seizures and those two cases, I think, are just right on point.

The Defendant now appeals to this court.

## ANALYSIS

On appeal, the Defendant argues that Officer Huff had "no legal basis to conduct a traffic stop."  As such, the trial court erred in failing to suppress the evidence obtained against the Defendant during the stop.  The Defendant relies on Officer Huff's testimony that the basis for stopping the Defendant was his observing the Defendant's holding up a phone with an illuminated screen.  The Defendant argues that his behavior of looking at

the phone's screen did not violate Tennessee Code Annotated section 55-8-199, which prohibits texting while driving. Because Officer Huff's reason for stopping the Defendant was based on conduct that did not violate the law, the "Defendant should never have been pulled over." The Defendant further contends that Officer Huff's traffic stop violated his due process rights because Tennessee Code Annotated section 55-8-199 is "unconstitutionally vague." The State responds that Officer Huff had "reasonable suspicion to initiate a traffic stop to investigate whether the Defendant failed to maintain his lane or was texting while driving." Furthermore, the State argues that the Defendant "has waived his argument that the texting while driving statute is unconstitutionally vague" by failing to raise the issue in his motion for a new trial.

## *I. Search and Seizure*

First, we must determine if the Defendant has waived review of the trial court's denial of his motion to suppress by failing to include a transcript of the trial. A party seeking appellate review has a duty "to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Failure to prepare a complete record precludes appellate review. See id. "When the appellate court is without an adequate record on appeal, we must presume a trial court's rulings were supported by sufficient evidence." State v. Claude Thomas Davis, No. M2005-02007-CCA-R3-CD, 2007 WL 677858, at *2 (Tenn. Crim. App. Mar. 7, 2007) (citing State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)).

In Davis, the defendant was convicted of DUI, driving on a revoked license, and violation of the implied consent law. On appeal, the defendant argued that the trial court erred in denying his motion to suppress. Davis, 2007 WL 677858, at *1. A panel of this court concluded that the defendant failed to provide an adequate record by failing to include a trial transcript but reviewed the defendant's arguments in the interests of justice. See id. at *2.

In this case, we conclude that the Defendant has waived review of his suppression issue by failing to include the trial transcript. See Davis, 2007 WL 677858, at *2. The Tennessee Rules of Appellate Procedure "contemplate that allegations of error should be evaluated in light of the entire record" and "appellate courts may consider the proof adduced both at the suppression hearing and at trial" when "evaluating the correctness of a trial court's ruling on a pretrial motion to suppress." State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). Here, we do not have an account of the trial, thus the record is inadequate for us to determine the extent to which Officer Huff had reasonable suspicion to stop the Defendant.

Furthermore, we conclude that plain error review can provide no relief to the

Defendant because it is not necessary to review the issue in the interests of justice. Officer Huff testified that the Defendant was "[c]hanging from lane to lane, [using] no signal, straddling the lanes, the yellow lines, [and] the line provided in the roadway." When asked how many times he observed the Defendant's straddling the lanes or crossing the lanes, Officer Huff replied that it was "[m]ore than once," but "less than ten times[.]" Such testimony clearly establishes that Officer Huff had reasonable suspicion to stop the Defendant, regardless of whether the Defendant was texting. See, e.g., State v. Smith, 484 S.W.3d 393 (Tenn. 2016) (holding when an officer observes a motorist crossing a clearly marked fog line, the totality of the circumstances may provide a reasonable suspicion sufficient to initiate a traffic stop). Thus, the Defendant is not entitled to relief regarding the trial court's denial of his motion to suppress.

## II. Tennessee Code Annotated § 55-8-199

The Defendant has also waived any issue regarding the constitutionality of Tennessee Code Annotated section 55-8-199. Tennessee Rule of Appellate Procedure 3(e) treats issues "upon which a new trial is sought" as waived "unless the same was specifically stated in a motion for a new trial." Here, the Defendant did not reference his issue challenging the constitutionality of Tennessee Code Annotated section 55-8-199 in his motion for new trial. As such, we review this issue solely for plain error. The doctrine of plain error applies when all five of the following factors have been established:

(a) the record must clearly establish what occurred in the trial court;

(b) a clear and unequivocal rule of law must have been breached;

(c) a substantial right of the accused must have been adversely affected;

(d) the accused must not have waived the issue for tactical reasons; and

(e) consideration of the error must be "necessary to do substantial justice."

State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." Id. at 231.

Here, plain error review is not warranted. Given our conclusion that the stop was supported by reasonable suspicion despite any texting by the Defendant, a substantial right of the Defendant had not been adversely affected and substantial justice is not at stake.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE