# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2004

## EARL E. HAYNES v. WAYNE BRANDON, WARDEN

**Direct Appeal from the Circuit Court for Hickman County**
**No. 03-5091C-1     Russ Heldman, Judge**

---

### No. M2004-00221-CCA-R3-HC - Filed August 20, 2004

---

The petitioner, Earl E. Haynes, appeals the dismissal of his petition for writ of habeas corpus relating to his felony murder conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, SP. J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Earl E. Haynes, Only, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Ronald L. Davis, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner and his co-defendants, Charles Allen and Charles Scruggs, were convicted of felony murder for their actions resulting in the death of Rosie Lee Hunter during a robbery at her residence on January 10, 1982. The petitioner and his co-defendants each received life imprisonment. A panel of this court affirmed their convictions and sentences on direct appeal. *See* State v. Charles Allen, Jr., Earl Haynes, and Charles Scruggs, C.C.A. No. 83-225-III, 1985 Tenn. Crim. App. LEXIS 3107 (Tenn. Crim. App. May 2, 1985).

On December 12, 2003, the petitioner filed a petition requesting habeas corpus relief. In the petition, he maintained the "Final Day Order," which set out the jury's guilty verdict and his sentence, did not constitute a final judgment of conviction. The petitioner averred that as a result, the documents constituted an illegal judgment, and the appellate court lacked jurisdiction to issue a ruling on direct appeal. The lower court found the judgment set out in the "Final Day Order" was valid on its face and summarily dismissed the petition. On appeal, the petitioner contends the lower court erred in dismissing his habeas corpus petition. We disagree.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for

seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The petitioner first contends the "Final Day Order" fails to satisfy the requirements of a valid judgment. The "Final Day Order" consists of this order as entered in the court minutes. It provides in pertinent part as follows:

> After due deliberation said jury returned into open Court and do say:
>
> We, the jury, find the Defendants, Charles Allen, Jr., Earl Haynes, and Charles Scruggs, guilty of Felony Murder in Count 2, and fix their punishment at confinement in the State Penitentiary for Life.
>
> Thereupon, the Court proceeded to sentence the Defendants in accordance with the verdict of the jury; It is ORDERED by the Court that the Defendants, . . . having been found guilty of Felony Murder, be confined at hard labor in the Penitentiary of the State of Tennessee for Life.

This document was dated and signed by the trial judge. An additional form attached to the court minutes indicates the petitioner was charged with two counts of murder and one count of armed robbery, was convicted of felony murder, and was sentenced to life imprisonment.

We conclude the issue raised by the petitioner is a "technical concern" regarding the judgment which does not void his conviction. See Eddie J. Phifer v. State, No. M2003-02236-CCA-R3-HC, 2004 Tenn. Crim. App. LEXIS 193, at **3-6 (Tenn. Crim. App. Mar. 3, 2004) (holding the petitioner was not entitled to habeas corpus relief due to the trial court's failure to enter a standard judgment form when the judgment contained in the court minutes did not suggest that the trial court lacked jurisdiction), *perm. to app. denied* (Tenn. 2004). Furthermore, a judgment entered in the court minutes is valid, as the "court minutes are the highest evidence of what has been done in court." Marvin Anthony Matthews v. Charles C. Noles, Warden, C.C.A. No. 02C01-9206-CC-00140, 1993 Tenn. Crim. App. LEXIS 123, at *3 (Tenn. Crim. App. Feb. 24, 1993), *perm. to app. denied* (Tenn. 1993). Thus, this issue is without merit.

The petitioner maintains that in order to be convicted of felony murder, he must have also been convicted of the underlying felony of armed robbery. The petitioner further submits the court minutes fail to indicate whether the jury found him guilty of armed robbery. However, because the petitioner has failed to raise these issues in his habeas corpus petition, these issues are waived. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). Nevertheless, a separate conviction for the underlying felony is not required in order to sustain a felony murder conviction. See State v. Townes, 56 S.W.3d 30, 37 (Tenn. Crim. App. 2000), *overruled on other grounds by* State v. Terry, 118 S.W.3d 355, 359 (Tenn. 2003). Furthermore, the jury is not required to indicate

-2-

the underlying felony upon which it based its felony murder conviction.  <u>State v. Price</u>, 46 S.W.3d 785, 825 (Tenn. Crim. App. 2000).  Thus, these arguments are without merit.

The petitioner has raised additional issues regarding the validity of the judgments for prior convictions.  However, the petitioner failed to raise these issues in his habeas corpus petition.  Regardless, we discern no merit concerning these issues.

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, SPECIAL JUDGE