Helen PENTECOST, Plaintiff-Appellant,

v.

ANCHOR WIRE CORPORATION and Commercial Union Insurance Company, Defendants-Appellees.

Supreme Court of Tennessee, at Nashville.

Dec. 27, 1983.

Richard S. Maxwell, Joseph M. Dalton, Nashville, for plaintiff-appellant.

David N. Shearon, Nashville, for defendants-appellees.

OPINION

DROWOTA, Justice.

The question presented in this workers' compensation appeal is whether the trial court erred in *sua sponte* dismissing the Plaintiff's suit during the course of the Defendant's proof without allowing rebuttal of that proof by Plaintiff. We are of the opinion that the action by the trial court was error, and we therefore reverse and remand this cause for a new trial.

The Plaintiff-Appellant, Mrs. Helen Pentecost, began working for Defendant-Appellee, Anchor Wire Corporation, in 1978. She worked at an electric fence machine transferring various lengths of different gauge wires from one large spool to smaller spools. When the wire from the large spool was exhausted, she was required to replace

that spool with a new one. Mrs. Pentecost testified that in order to remove the empty spools and place the new spools of wire on the spindle, she had to lift them over her head. She also testified that different spools varied in weight, from twenty to thirty pounds.

The injury on which this claim is based is alleged to have occurred during the course of employment at Anchor Wire as a result of her job activities. As part of Plaintiff's proof, Dr. Arthur Cushman testified that her degenerative disc disease was aggravated or precipitated by the activities of her employment. At the close of her proof, Defendant made a motion, *inter alia,* to have Dr. Cushman's testimony stricken on the grounds that the hypothetical question presented to him, and on which he based his testimony, assumed facts not in evidence. In presenting the hypothetical to Dr. Cushman, counsel for Mrs. Pentecost asked that he assume that her duties "required the lifting of spools of wire weighing thirty to thirty-five pounds over her head." The court denied the motion and the Defendants proceeded to call their first witness, Mr. Ted Rutledge, Vice-President of Operations at Anchor Wire.

Mr. Rutledge testified that the spools of wire which Mrs. Pentecost was required to lift weighed on the average twenty-three pounds with the heaviest being twenty-seven pounds. Additionally, a scale model of the electric fence machine was introduced showing the spindle on the machine to be 58 inches tall. Following Mr. Rutledge's testimony and the introduction of the scale model, the trial judge said: "[t]he hypothetical upon which this doctor gave his opinion is just not at all similar to the conditions that were out there." He then dismissed the case, *sua sponte,* and in the Final Order and Judgment stated:

> After the proof was entered in this cause that the height of the working area to which the Plaintiff would have had to lift spools of raw material wire was less than the plaintiff's height, and that the weight of those spools would have been substantially less than 30–35 pounds, the Court

renewed its consideration of the Defendant's motion to strike the testimony of Dr. Arthur Cushman as it concerned the aggravation of the plaintiff's disease, and upon due consideration, and arguments by counsel, the Court being of the opinion that such Motion should be granted and this cause dismissed.

In *Harris v. Baptist Memorial Hospital,* 574 S.W.2d 730 (Tenn.1978), we held that

> a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action. However, this power must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired. It must be remembered that Rule 41.02(3), *Tennessee Rules of Civil Procedure,* provides that all dismissals, except those for lack of jurisdiction, improper venue or lack of an indispensable party, shall operate as an adjudication upon the merits unless the court in its order of dismissal otherwise provides. In short, the occasions for the proper exercise of this power are considered by this Court to be few indeed.

574 S.W.2d at 731.

Clearly, the question of whether the trial court may dismiss a case, *sua sponte,* must be answered in the affirmative. The question remaining is whether the circumstances and grounds for ordering the dismissal in the case at bar were sufficient to support the court's actions.

■ In granting the motion for dismissal, the trial judge reasoned that Dr. Cushman's testimony regarding whether or not Mrs. Spickard's injury was work related was inadmissible because the hypothetical on which it was based was unsupported by the evidence. It is well settled that "it is not proper for a hypothetical question to assume facts that are not supported by evidence at the trial." *Cortrim Manufacturing Company v. Smith,* 570 S.W.2d 854, 856 (Tenn.1978). In determining the propriety of a hypothetical question, the issue should not be resolved by searching an entire record to determine whether every possible

fact was listed in the question. Nor should the hypothetical question be tested solely against the evidence presented by the opposing party as appears to be the situation in the instant case. Rather, the issue should be resolved by determining whether the question contained enough facts, supported by evidence, to permit an expert to give a reasonable opinion which is not based on mere speculation or conjecture and which is not misleading to a trier of fact.

■ Dr. Cushman admitted that his conclusions regarding Mrs. Pentecost's injury were based on the hypothetical question which set out two facts: (1) the job required Mrs. Pentecost to lift weights from thirty to thirty-five pounds and (2) she lifted these weights over her head. Mrs. Pentecost did not testify that the spools weighed thirty to thirty-five pounds, however, she did testify that they weighed twenty to thirty pounds and that she had to lift them over her head. Although the hypothetical did not reflect exactly the same conditions under which Mrs. Pentecost performed her work, it was not so dissimilar as to merit involuntary dismissal of the case. Concerning the issue of the weight of the spools, the difference between her testimony and the hypothetical is minimal and is certainly not dispositive of the question regarding admissibility of Dr. Cushman's testimony. Although the scale model of the electric fence machine showed the spindle to be shorter than Mrs. Pentecost, that fact alone does not serve as an adequate reason to strike Dr. Cushman's testimony. The issue then became one of credibility and whether Mrs. Pentecost was to be believed rather than one of admissibility and whether to strike Dr. Cushman's testimony. It is up to the jury, in this case of course, the trial judge, to determine whether the evidence is true and based on that determination, what weight to give to the expert's testimony elicited by the hypothetical. *See,* Paine, *Tenn. Law of Evidence,* §§ 176, p. 195; *Fisher v. Travelers Insurance Company,* 124 Tenn. 450, 506–508, 138 S.W. 316, 330 (1911).

■ The record reflects that counsel for Plaintiff made an offer of proof on the issue of whether or not Mrs. Pentecost had to lift the spools over her head. Notwithstanding the offer of proof and what it might have shown, the fact remains that the hypothetical question was supported by evidence before the court and therefore the doctor's opinion based on that hypothetical should not have been stricken.

This cause is reversed and remanded for a new trial. Costs are taxed against the Defendant.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.