# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 22, 2007

## STATE OF TENNESSEE v. JASHUA SHANNON SIDES, ALIAS JOSHUA SHANNON SIDES

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 254119     Rebecca J. Stern, Judge**

---

**No. E2006-01356-CCA-R3-CD - Filed February 28, 2008**

---

The defendant, Jashua Shannon Sides, alias Joshua Shannon Sides, was convicted of vehicular homicide by reckless conduct (Class C felony); leaving the scene of an accident involving death (Class E felony); reckless endangerment (Class E felony); and driving under the influence (Class A misdemeanor). The defendant received an effective sentence of ten years, eleven months and twenty-nine days. On appeal, the defendant raises four issues:

(1) The trial court erred in failing to instruct the jury on lesser included offenses of felony reckless endangerment and knowingly leaving the scene of an accident involving death.

(2) The trial court erred in denying counsel's motion to withdraw after the defendant had filed a complaint against counsel with the Board of Professional Responsibility.

(3) The trial court erred in allowing the State's expert to testify to his opinion based on hearsay and facts not in evidence.

(4) The trial court erred in sentencing.

After review, we have found no reversible error and affirm all convictions and sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Ardena J. Garth, District Public Defender, and Donna Robinson Miller, Assistant Public Defender, for the appellant, Jashua Shannon Sides, alias Joshua Shannon Sides.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; William H. Cox, III, District Attorney General; and James A. Woods, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

The victim, Nicole Greco, was driving home from her work on the night of October 19, 2003, when she was involved in a minor automobile accident affecting three vehicles. The accident occurred near a construction area on Highway 58 in Chattanooga. At 9:17 p.m., the victim was standing beside her vehicle when she was struck by the defendant's Ford Ranger truck. The victim was carried on the defendant's hood and was then thrown free to the pavement. The victim's body came to rest 85 feet from the point of impact.

The defendant broke his windshield with impacts from his knuckle and head, and he suffered a cut on the head. The defendant got out of his vehicle and looked at the victim's body. He asked the witnesses in general, "what happened?" and "what did I do?" One eyewitness told the defendant that he had killed the victim. The defendant left the scene on foot, unobserved by witnesses. He was apprehended later that night. A blood sample was drawn at 5:25 a.m. on October 20, more than eight hours after the incident. Deputy Mike Mullins, of the Hamilton County Sheriff's Department, saw the defendant after his capture. According to Deputy Mullins, the defendant smelled of alcohol, had slurred speech, was glassy eyed, and said he could not recall the wreck. The defendant admitted drinking beer at home prior to the wreck.

A test revealed that the defendant's blood alcohol level was .05, and the drug screen was negative. The defendant was at the Third Base Sports Bar immediately prior to the wreck. From approximately 6:00 p.m. to 9:00 p.m., the defendant was on the bar's back steps, alternately sleeping, muttering, and using his cell phone. When the defendant awoke, he was belligerent and stumbling. The defendant was refused further service of alcohol and was eventually evicted from the bar twice. The wreck occurred shortly after the defendant's final departure.

Dr. Kenneth Ferslew testified as an expert in the fields of toxicology and pharmacology. Using facts introduced into evidence, as well as information he had gleaned by his investigation, Dr. Ferslew extrapolated an estimate of the defendant's blood alcohol level at the time of the wreck. Based on this data, together with the defendant's blood alcohol level drawn at 5:25 a.m. on October 20, Dr. Ferslew stated the defendant's level at the time of the wreck was .188. Dr. Ferslew conceded that the defendant could have consumed more alcohol after the wreck but stated that it would have had to be a significant amount, equivalent to seven beers or more, and that he was in custody after 1:55 a.m.

Deputy Mark Kimsey, of the Hamilton County Sheriff's Department, testified as an accident reconstruction expert. According to his calculations, the defendant's vehicle was traveling a minimum of 47.6 miles per hour at the time of impact with the victim. This was after the defendant decelerated by braking and striking another vehicle.

The defendant did not testify or present witnesses on his behalf.

Lesser Included Offenses

The defendant asserts that the trial court erred in failing to instruct the jury as to the lesser included offenses of the crimes of felony reckless endangerment and felony leaving the scene of an accident involving death. The State contends that the defendant has waived the issue on appeal by failing to request the instruction of the lesser included offenses. The relevant statute in effect at the time of trial provides that an instruction to a lesser included offense is waived unless the defendant requests such an instruction in writing prior to the instruction of the jury. Tenn. Code Ann. § 40-18-110(c). The record reveals that, although the trial judge invited the submission of suggested jury instructions, including lesser included offenses, none were submitted or charged.

Reckless endangerment is committed when one recklessly engages in conduct that places or could place another person in imminent danger of death or serious bodily injury. It is a Class A misdemeanor except when committed with a weapon, which elevates it to a Class E felony.

The violation of leaving the scene of an accident involving death or personal injury is a Class A misdemeanor except when the defendant "knew or should reasonably have known that death resulted from the accident," which elevates it to a Class E felony. Tenn. Code Ann. § 55-10-101.

Both the defendant and the State agree that the misdemeanors of these offenses are lesser included offenses. Neither were included as such in the jury instructions. After application of the test in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999), we agree that the misdemeanors are lesser included offenses. This court has specifically held that misdemeanor reckless endangerment is a lesser included offense of the felony charge. State v. Brandon R. Patrick, No. 03C01-9712-CC-00548, 1999 Tenn. Crim. App. LEXIS 155, at *8 (Tenn. Crim. App. at Knoxville, Feb. 19, 1999); State v. Leslie R. Holt, No. 01C01-9804-CR-00188, 1999 Tenn. Crim. App. LEXIS 202, at *7 (Tenn. Crim. App. at Nashville, Mar. 11, 1999).

Whether a lesser included offense must be given in jury instructions is dependent on a two-step analysis. The first step is to determine if the offense is a lesser included offense under the Burns test. The trial court must then determine whether a charge is justified by the evidence. State v. Ely, 48 S.W.3d 710, 722 (Tenn. 2001). The second step requires a determination that "(1) reasonable minds could accept the offense as lesser-included; and (2) the evidence is legally sufficient to support a conviction for the lesser-included offense." State v. Wilson, 92 S.W.3d 391, 394 (Tenn. 2002).

The State correctly asserts that Tennessee Code Annotated section 40-18-110 provides that instructions as to lesser included offenses are waived by a defendant unless the defendant makes a written request prior to the court's charge. The waiver for purposes of plenary review is constitutionally permissible as the failure to instruct is not a structural error. See State v. Allen, 69 S.W.3d 181, 190-91 (Tenn. 2002). The failure to instruct is subject to constitutional harmless error analysis. Id.

In order to determine that plain error exists, the following five factors must be established:

-3-

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused [must not have waived] the issue for tactical reasons; and
(e) consideration of the error [must be] "necessary to do substantial justice."

State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003).

A defendant, despite the provisions of Tennessee Code Annotated section 40-18-110, has a constitutional right to a correct and complete charge of the law to ensure a fair trial. State v. Page, 184 S.W.3d 223, 229 (Tenn. 2006), citing State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990). In the instant case, there was evidence that the defendant had suffered a head wound during the wreck and claimed he had no recollection of the wreck. Although a witness told the defendant that he had killed the victim, the issue was fairly raised as to the defendant's knowledge of a death. Despite the trial court's failure to instruct on the lesser included offense, the fact remains that an invitation for further requests was issued to counsel for both parties. The defendant did not request the lesser included offense or any other instructions. The defendant has failed to show that this waiver was not done for tactical reasons. See Page, 184 S.W.3d at 229. Accordingly, we conclude that the failure to instruct as to the lesser included offense did not rise to the degree of plain error.

We further conclude that the failure to instruct on misdemeanor reckless endangerment was not plain error. Although a vehicle is not, in all cases, a deadly weapon, its manner of use can qualify it as such. State v. Tate, 912 S.W.2d 785, 787 (Tenn. Crim. App. 1995). The proof in this case, of the defendant's reckless use of the vehicle by driving under the influence at an excessive speed, was so overwhelming as to disqualify the lesser included offense as plain error. It is relevant to note in this analysis that the jury found the defendant to be operating the vehicle recklessly and while under the influence of an intoxicant.

Accordingly, the convictions of leaving the scene of an accident involving death and of reckless endangerment are affirmed.

Counsel's Motion to Withdraw

The defendant next alleges that the trial court erred in refusing to allow counsel to withdraw after the defendant filed a complaint against counsel with the Board of Professional Responsibility. The State contends that the issue is waived, pursuant to Rule 3(e) of Tennessee Rules of Appellate Procedure, by the defendant's failure to include the issue in the new trial motion. We agree that the defendant has waived this issue for appeal purposes.

Before filing a complaint with the Board of Professional Responsibility, the defendant had, by letter and pro se motion, requested removal of his counsel. After the defendant requested his removal, the defendant's counsel filed a motion to withdraw. This motion was denied after the trial court consulted a representative of the Board of Professional Responsibility.

The defendant's failure to address this issue in either the original or amended motion for new trial serves as a waiver of appellate review. Tenn. R. App. P. 3(e). Furthermore, the defendant is not entitled to relief under plain error as no substantial right of the defendant was adversely affected. See Terry, 118 S.W.3d at 360.

Expert Testimony

Next, the defendant alleges error by the trial court in permitting the expert testimony of Dr. Ferslew based on facts not in evidence. Specifically, the defendant objected to information Dr. Ferslew had acquired in his own investigation. This information included the number of beers a bartender had served the defendant prior to the wreck and the defendant's appearance of intoxication at that time. This information was not submitted independently as evidence. The defendant properly preserved the issue by timely objections.

Dr. Ferslew testified as an expert in toxicology and pharmacology. He had been hired by the State to extrapolate from known data an estimate of the defendant's blood alcohol level at the time of the wreck. The bartender at the Third Base Sports Bar had provided information that the defendant consumed four beers there prior to being refused service due to his intoxication. The bartender did not testify. Other witnesses testified that the defendant slept outside the sports bar from 6:00 p.m. until approximately 9:00 p.m. The wreck occurred at 9:17 p.m. The defendant was unaccounted for from the time of the wreck until his arrest at 1:55 a.m. on October 20. The defendant's blood was drawn for testing at 5:25 a.m. and rendered a result of .049 blood alcohol level.

By considering factors such as the defendant's size and the normal elimination of alcohol, Dr. Ferslew estimated that the defendant's blood alcohol level at the time of the crash was .188. He stated that the defendant would have had to consume more alcohol prior to the wreck than the four beers alleged by the bartender. The expert conceded that alcohol could have been consumed after the wreck during the time the defendant was at large, but the amount consumed then would had to have been the equivalent of seven beers or more. Dr. Ferslew further stated that the defendant's conduct, as described by the bartender and testifying witnesses, was consistent with the estimated level of .188.

Rules 702 and 703 of the Tennessee Rules of Evidence govern the admissibility of scientific proof.

> If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

Tenn. R. Evid. 702.

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the

hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.

Tenn. R. Evid. 703.

Ultimately, the expert's opinion must be based on enough facts supported by evidence which will permit an expert to give a reasonable opinion which is not based on mere speculation and is not misleading to the trier of fact. Pentecost v. Anchor Wire Corp., 662 S.W.2d 327, 329 (Tenn. 1983); State v. Prentice, 113 S.W.3d 326, 335 (Tenn. Crim. App. 2001).

The purpose of Dr. Ferslew's expert testimony was to assist the jury in determining whether the defendant was impaired at the time of the wreck. Rule 703 provides that the underlying data on which an opinion is based need not be in evidence or even admissible if it is of a type reasonably relied upon and if it is trustworthy. The facts in question were not speculation or conjecture, and the trial court did not abuse its discretion in admitting the expert's testimony. Dr. Ferslew candidly admitted that the defendant could have consumed alcohol after the wreck in sufficient quantity to produce the blood alcohol level which resulted from the test. Thus, the jury was free to give such weight to the opinion as it deemed proper. We conclude that no error was committed as to this issue.

Sentencing

In his final issue, the defendant alleges that the trial court erred in sentencing by its improper application of enhancement factors and by ordering that all sentences be served consecutively. In addition, the defendant reiterated his reliance on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).

Prior to pronouncing a defendant's sentence, the trial court must consider: (a) the evidence at trial and at the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigation factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in his or her own behalf. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). In order to facilitate appellate review, the trial court should place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found applicable, the specific facts supporting each enhancement factor found, and the method of evaluating and balancing each mitigating and enhancement factor applied in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

An appellate court, in reviewing a challenged sentence, has a duty to conduct a de novo review with a presumption that the determinations by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record

that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

The defendant herein was convicted of vehicular homicide by reckless conduct, a Class C felony; leaving the scene of an accident involving death, a Class E felony; felony reckless endangerment, a Class E felony; and third offense driving under the influence, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-13-213(b)(1), 55-10-101(b)(2), 39-13-103(b), 55-10-401, 55-10-403(a)(1)(A). Sentencing occurred on July 18, 2005; however, the defendant elected to be sentenced under the sentencing act in effect prior to the June 7, 2005 amendments. The defendant was determined to be a Range I offender and, as such, was subject to potential sentences of three to six years for the Class C felony; one to two years for each of the Class E felonies, and eleven months, twenty-nine days for the misdemeanor. See Tenn. Code Ann. §§ 40-35-105(a), (b); 40-35-112(a)(3), (5); 55-10-403(a)(1)(A). Under the elected sentencing law, the presumptive sentence for the felonies was the minimum sentence in the range, Tenn. Code Ann.§ 40-35-210(c) (2004), subject to enhancement or reduction based upon the existence of applicable enhancement and mitigating factors, see Tenn. Code Ann. § 40-35-210(e) (2004).

The trial court found four enhancement factors applicable to the defendant's conviction of vehicular homicide:
> (2) The defendant has a previous history of criminal conviction or criminal behavior in addition to those necessary to establish the appropriate range;
> (9) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;
> (11) The defendant had no hesitation about committing a crime when the risk to human life was high;
> (17) The crime was committed under circumstances under which the potential for bodily injury to a victim was great[.]

Tenn. Code Ann. § 40-35-114 (2004). The court applied enhancement factors (2) and (9) to the remaining convictions for leaving the scene of an accident, reckless endangerment, and driving under the influence.

The trial court found mitigating factors, including tragedies in the defendant's life and remorse by the defendant for his actions. However, the trial court did not find the mitigating factors strong enough to affect the sentences previously enhanced.

The State contends that the defendant failed to raise the Blakely issues at the sentencing phase and in the motion for a new trial. The record reflects that the defendant had filed a notice of reliance on Blakely prior to sentencing.

To the extent that the Tennessee Sentencing Reform Act permits enhancement of a sentence based on judicially determined facts other than the fact of a prior conviction, it is a violation of the

Sixth Amendment as interpreted by the Supreme Court in <u>Apprendi</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000); <u>Blakely</u>; and <u>Cunningham</u>, 549 U.S. ____, 127 S. Ct. 856 (2007). In this case, the trial court applied judicially determined enhancement factors other than the defendant's prior convictions. Such action is now declared as a breach of a clear and unequivocal law. <u>See</u> <u>State v. Gomez</u>, 239 S.W.3d 733 (Tenn. 2007).

Despite this breach, we conclude that the defendant's Sixth Amendment rights were not adversely affected. In enhancing this defendant's sentence, the trial court relied on the permissible enhancement factor of prior convictions. The record as to the convictions was clear and uncontested by the defendant. The twenty-nine-year-old defendant had, at this sentencing, compiled the following convictions: two for driving under the influence; one for selling marijuana; two for marijuana possession; two for drug paraphernalia possession; one for assault; two for public intoxication; and one for disorderly conduct. We conclude that this record of criminal convictions, standing alone, justified the imposition of maximum sentences within the range.

The defendant also contends that the trial court erred in imposing consecutive sentences. Consecutive sentencing is statutorily authorized if the trial court finds by a preponderance of the evidence that:

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal . . .;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . .;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

Rule 32(c)(1) Tennessee Rules of Criminal Procedure requires that the trial court "specifically recite the reasons" for the imposition of a consecutive sentence. The trial court stated as follows:

I am required to ensure that the aggregate sentences imposed be the least severe measure necessary to protect the public from the defendant's future criminal conduct and should bear some relationship to the defendant's potential for rehabilitation.

I do note based on his statement that he is on the way to rehabilitation but none of his past behavior had shown that prior. His criminal conduct was extremely dangerous and poses a very real threat to this community. I do find that No. 2, the defendant is an offender whose record of criminal activity is extensive, that he is a

dangerous offender whose behavior, at least in the past, had indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. And that he is being sentenced for an offense committed while on probation.

I, therefore, find by a preponderance of the evidence all of these things and I find that the sentences should all run consecutive to each other.

We conclude that the trial court met the requirements of Tennessee Code Annotated section 40-35-115(b) and Tennessee Rule of Criminal Procedure 32(c)(1).

We further conclude, as we have in prior opinions, that the imposition of consecutive sentences is not impacted by Blakely and related cases. "The manner of service of the sentence imposed when a trial court decides whether to impose consecutive sentences - a decision it may make only after the jury has found the defendant guilty of multiple offenses beyond a reasonable doubt - does not usurp the jury's factfinding powers or offend the defendant's due process rights." State v. Joseph Wayne Higgins, No. E2006-01552-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 763 at *43 (Tenn. Crim. App. at Knoxville, Sept. 27, 2007).

Conclusion

For the foregoing reasons, we affirm all convictions and sentences.

_____
JOHN EVERETT WILLIAMS, JUDGE