FILED

October 8, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 7:15 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Regina Kirk, | ) | Docket No.: 2015-01-0036 |
|     Employee, | ) | |
| v. | ) | State File Number: 79228-2014 |
| Amazon.com, Inc., | ) | |
|     Employer, | ) | Judge Thomas Wyatt |
| And | ) | |
| American Zurich Ins. Co. | ) | |
|     Insurance Carrier. | ) | |
| | ) | |

## ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS
## (RECORD REVIEW ONLY)

This claim came before the Court upon a second Request for Expedited Hearing (REH) filed by the employee, Regina Kirk. This request is for an on-the-record determination of Ms. Kirk's claim for medical and temporary disability benefits. The employer, Amazon.com, Inc., lodged procedural and substantive defenses to the renewed REH. Amazon also moved to dismiss Ms. Kirk's claim pursuant to Tennessee Compilation Rules & Regulations 0800-02-21-.14(3) (2015).

The central substantive issue presented for determination is whether Ms. Kirk sustained an injury arising primarily out of and in the course and scope of employment.[1] If the Court finds Ms. Kirk sustained a compensable injury, the extent of medical and temporary disability benefits is at issue. For the reasons set forth below, the Court finds Ms. Kirk is entitled to the benefits she seeks.

### History of the Claim[2]

Ms. Kirk is a forty-nine year-old resident of Chattanooga, Hamilton County,

---

[1] The Appendix to this Order contains additional information regarding the technical record and the exhibits considered as part of the record in the determination of Ms. Kirk's second REH.

[2] In determining this REH, the Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

Tennessee. (T.R. 1 at 1.) She seeks medical and temporary disability benefits for a left-shoulder injury that allegedly occurred September 24, 2014, in the course and scope of her employment as a packer at Amazon. *Id.*

The Court conducted an in-person Expedited Hearing on May 4, 2015, and found Ms. Kirk gave credible testimony that she, "felt a pop in her left shoulder that was accompanied by pain when, while working at Amazon, she reached over her head to retrieve an item to pack in a box."[3] (T.R. 9 at 7.) However, the Court found Ms. Kirk failed to establish that her injury arose primarily out of and in the course and scope of employment because Dr. Jason Robertson, the physician on whom Ms. Kirk relied, gave conflicting causation opinions. (T.R. 9 at 9-10.)

On August 18, 2015, Ms. Kirk filed this REH. (T.R. 5; Ex. 18.) Amazon objected because she did not file an accompanying affidavit with the second REH. (T.R. 6 at 2-3.) In response, Ms. Kirk refiled the affidavit she filed with her first REH. (Ex. 17.)[4]

On August 27, 2015, Amazon moved to dismiss Ms. Kirk's claim pursuant to Tennessee Compilation Rules & Regulations 0800-02-21-.14(3) (Rule 14(3)). On September 22, 2015, the Court heard oral arguments on Amazon's objection and motion.[5]

**Findings of Fact and Conclusions of Law**

*General Legal Authority.*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[6] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element

---

[3] This finding was not disturbed on appeal. *See Kirk v. Amazon.com, Inc.,* No. 2015-01-0036, 2015 TN Wrk. Comp. Bd. LEXIS 27 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2015) (T.R. 11.)

[4] At the time Ms. Kirk filed her second REH, her affidavit was on file with the Court Clerk. Ms. Kirk served a copy of her affidavit on Amazon's counsel with the first REH. The Court admitted the affidavit into evidence at the first REH. (Ex. 1.)

[5] The Court conducted this hearing within thirty days from the date Amazon filed the Motion to Dismiss because Ms. Kirk had already filed her response and her counsel agreed to the hearing date.

[6] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

2

of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

*Determination of Procedural Issues*

*Amazon's Motion to Dismiss is Denied.*

Mediation and Hearing Procedures Rule 14(3) allows an employer, which prevails at an Expedited Hearing on grounds of compensability, to seek dismissal of the underlying claim. If, in response to a Rule 14(3) motion, the employee does not address the evidentiary inadequacies that resulted in the denial of benefits at the Expedited Hearing, or does not articulate a clear and present intent to do so, the consequence is dismissal of the claim.

Ms. Kirk filed her second REH prior to the date Amazon filed its Rule 14(3) motion. (T.R. 5, 8.) Ms. Kirk's renewed REH was accompanied by a causation questionnaire addressing the evidentiary inadequacy—insufficient expert medical opinion of causation—that resulted in the denial of benefits at the first Expedited Hearing.[7] When Ms. Kirk filed the causation questionnaire, she removed the basis for dismissal of her claim under Rule 14(3). Accordingly, Amazon's Rule 14(3) motion is denied.

*The Court will Decide Ms. Kirk's Second REH on the Record.*

Tennessee Compilation Rules & Regulations 0800-02-21-.14(1)(c) (2015) affords the Court "discretion to either set [a requested Expedited Hearing] for a hearing or enter an interlocutory order based on a review of the file upon determining that no additional information is needed to determine whether the employee is likely to prevail at a hearing on the merits of the claim." Ms. Kirk asked the Court to decide this Expedited Hearing on the record without an evidentiary hearing. Amazon did not object. Accordingly, the only issue is whether the Court needs additional information to decide the claim on the

---

[7] The Court will not require that Ms. Kirk refile the new causation questionnaire in direct response to Amazon's Rule 14(3) motion. Ms. Kirk filed the questionnaire with the Court Clerk, and served a copy on Amazon's counsel, before Amazon filed its Rule 14(3) motion. (T.R. 5 at 9.) Amazon referenced the questionnaire in its substantive response to Ms. Kirk's second REH. (T.R. 6 at 3-5.) Rule 10.03 of the Tennessee Rules of Civil Procedure (2015) provides that an exhibit attached to a pleading "shall be a part of the pleading for all purposes." Accordingly, the Court finds that Ms. Kirk's filing of the new causation statement signed by Dr. Robertson with her renewed REH allows the Court to consider it in the determination of any subsequent proceeding before the Court. *See generally Brewer v. Pigee,* No. W2006-01788-COA-R3-CV, 2007 Tenn. App. LEXIS 406, at *17-18 (Tenn. Ct. App July 3, 2007), implicitly holding the trial court properly considered documents attached to a complaint pursuant to T.R.C.P. 10.03 in determination of a motion to dismiss.

3

record.

Ms. Kirk's submission of a new causation questionnaire attempted to address the inadequacy of the expert medical opinion of causation she introduced in the previous Expedited Hearing. Amazon relied on the previously-filed causation opinion of the authorized treating physician, Dr. Eldurkar, in support of its position Ms. Kirk's injury is not work-related. Accordingly, the Court finds it needs no additional information to decide Ms. Kirk's renewed REH.

*Amazon's Objection to Ms. Kirk's Failure to Contemporaneously File an Affidavit with her Second REH is Overruled.*

Tennessee Compilation Rules & Regulations 0800-02-21-.14(1)(a) (2015) (Rule 14(1)(a)) provides, "[a]ll motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." Amazon objected to the Court deciding Ms. Kirk's second REH because Ms. Kirk filed it without an accompanying affidavit. In an attempt to cure the basis for Amazon's objection, Ms. Kirk refiled the same affidavit she filed with her first REH. (Ex. 17.)

In *Hadzic v. Averitt Express,* No. 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *12-13 (Tenn. Workers' Comp. App. Bd. May 18, 2015), the Workers' Compensation Appeals Board found error in the trial court's conduct of an Expedited Hearing where the employee filed an REH without an affidavit. The Appeals Board held the accompanying affidavit rule "is intended to provide for the efficient and expedient resolution of disputed issues" by encouraging "litigants to be proactive from the outset in obtaining and organizing evidence supporting the claim." *Id.* at *9-10. It also held that compliance with the accompanying affidavit rule "provides notice to other parties of the facts being asserted, thereby affording those parties an opportunity to prepare for the hearing or otherwise respond as they are expected to do." *Id.* at 11.[8]

The Court finds that the accompanying affidavit rule in *Hadzic* does not apply here because the parties previously participated in an Expedited Hearing during which they litigated the same issue raised in the subsequent REH—the sufficiency of the expert medical opinion of causation. Ms. Kirk contemporaneously filed a new causation questionnaire with her renewed REH. The Court finds the new causation questionnaire sufficiently apprised Amazon of the issue Ms. Kirk intended to present in the second REH and, thus, there was no need for her to refile an affidavit, which Amazon already

---

[8] The Appeals' Board's opinion in *Hadzic* did not recite whether the underlying Expedited Hearing was the first Expedited Hearing in the claim. In its order in *Hadzic,* the trial court did not reference a previous Expedited Hearing in its recitation of the history of the claim. *Hadzic v. Averitt Express,* No. 2014-02-0064, 2015 TN Wrk. Comp. LEXIS 33, at *6 (Tenn. Workers' Comp. Ct. Apr. 16, 2015). Accordingly, the Court concludes the Expedited Hearing in *Hadzic* was the first Expedited Hearing held in that claim.

possessed.

Ms. Kirk's failure to refile her affidavit with her second REH did not prejudice Amazon, nor did it invoke the concerns addressed by the Appeals Board in *Hadzic*. This is not an attempt by Ms. Kirk to file evidence after she filed her REH. Ms. Kirk's failure to refile her affidavit did not deprive Amazon of information needed to respond to the issues raised by the second REH.

In light of the above, Amazon's position is viable only if the Court rigidly applies Rule 14(1)(a). The Court declines to do so under the above-described circumstances. The Court understands the need for compliance with the accompanying affidavit rule in connection with the first REH filed by a party. At that point, the opposing party may not have had sufficient opportunity to determine the nature and details of the claim against it. Where, as here, the parties previously participated in a full evidentiary hearing involving the same issue and the only new pieces of evidence submitted were a new causation questionnaire and a Work Slip from the treating physician, the impetus for rigid application of the accompanying affidavit rule dissipates.

In considering Amazon's objection, the Court is also mindful that Rule 10.03 of the Tennessee Rules of Civil Procedure (2015) provides that an exhibit filed with a pleading "shall be a part of the pleading for all purposes." The Court finds the spirit of T.R.C.P 10.03 supports its determination that Ms. Kirk's failure to refile a previously-filed affidavit simultaneously with her renewed REH does not eliminate the Court's ability to decide the REH on its merits.[9] On the basis of the above considerations, the Court finds that a rigid application of Rule 14(1)(a) at this stage of this claim would constitute an unfair and superfluous interpretation of the Court's procedural rules. Accordingly, Amazon's objection is overruled.

*Dr. Robertson's New Causation Questionnaire is Admissible, but Hearsay within the Document is Inadmissible.*

Amazon objects to the admissibility of the new causation questionnaire (Ex. 18) because: (1) it contains inadmissible hearsay; (2) it does not indicate that Dr. Robertson personally responded to the questionnaire or has personal knowledge of the information imparted thereby; and (3) the questionnaire is an improper mechanism by which to submit expert medical opinion. (T.R. 6 at 5-7.) The Court sustains Amazon's objection to the hearsay contained in the questionnaire, but overrules the remaining aspects of the objection.

Tennessee Compilation Rules & Regulations 0800-02-21-.16(6)(b) provides, "[a]ll medical records signed by a physician . . . shall be admissible." The causation

---

[9]*See also* discussion in footnotes 2 and 7.

questionnaire submitted by Ms. Kirk in support of her second REH bears Dr. Robertson's signature. (Ex. 18.) Accordingly, the document itself is admissible pursuant to the above-cited rule.

In *Butler v. Ballard,* 696 S.W.2d 533, 537 (Tenn. Ct. App. 1985), the Court of Appeals held that the admissibility of a medical record under the Uniform Business Records as Evidence Act[10] does not render hearsay assertions therein also admissible. A hearsay assertion contained within a medical record is itself admissible only if it qualifies for admissibility under a recognized hearsay exception.

The Court finds that the hearsay assertions attributed to Mia Warn, the person in Dr. Robertson's office who handles the completion of medical forms (Ex. 18), which appear within the body of Dr. Robertson's causation questionnaire are not admissible under exceptions to the hearsay rule. Accordingly, the Court will not consider these assertions in the determination of this claim.

The Court finds the remainder of the causation questionnaire is admissible. The description of Ms. Kirk's injury in the questionnaire is consistent with Ms. Kirk's testimony at the previous Expedited Hearing. Accordingly, the description is admissible as a hypothetical statement of injury for Dr. Robertson's consideration in formulating his causation opinion. *See Pentecost v. Anchor Wire Corp.,* 662 S.W.2d 327, 328-9 (Tenn. 1983) (holding a hypothetical question is proper if it contains enough facts, supported by the evidence, to permit an expert to give an opinion that is not based on mere speculation or conjecture).

The Court finds no merit in Amazon's objection that the newly-submitted causation questionnaire is inadmissible because it did not indicate on its face that Dr. Robertson personally signed and executed it or had personal knowledge of the facts stated therein. Dr. Robertson's notes indicate he treated Ms. Kirk at least as often as did Dr. Eldurkar, on whose opinion Amazon relied. (Exs. 4, 5.) Amazon presented no evidence indicating Dr. Robertson did not personally sign and execute the questionnaire. Accordingly, the Court overrules this part of Amazon's objection.

Lastly, the Court's comment in the previous Expedited Hearing order about the peril of submitting expert medical opinion by form gives Amazon no basis to exclude Dr. Robertson's causation opinion. The subject comment speaks to the weight of evidence introduced by form and not to its admissibility. Accordingly, the Court admits Dr. Robertson's causation questionnaire into evidence, but will not consider the above-described hearsay assertions in determining this REH.

---

[10] Tenn. Code Ann. § 24-7-111 (2015).

*Decision*

*Ms. Kirk's Left-Shoulder Injury Arose Primarily out of and in the Course and Scope of Employment.*

According to the reforms to the Workers' Compensation Law that came into effect on July 1, 2014, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown by a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or the need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(13)(C) (2014). Tennessee Code Annotated section 50-6-102(13)(D) (2014) provides, "'shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." "The opinion of the treating physician, selected by the employee from the employer's designated panel . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(13)(E) (2014).

If Ms. Kirk is to prevail in her renewed claim for medical and temporary disability benefits, the preponderance of the evidence must rebut the authorized treating physician's, Dr. Eldurkar's, opinion that her injury is not work-related. In considering where the preponderance of the evidence lies, the Court first compares the conflicting opinions of Drs. Eldurkar and Robertson.

Dr. Eldurkar, whose practice specialty, if any, is not in the record, saw Ms. Kirk on a single occasion and diagnosed her with a strained left-upper back muscle. (Ex. 3 at 2-3.) Ms. Kirk testified she told Dr. Eldurkar she injured her left shoulder while reaching to retrieve an item from a high shelf.[11] However, Dr. Eldurkar recorded in his report that "[n]o particular incident occurred, but she states [her left shoulder pain occurred] from reaching across and lifting at heights." (Ex. 3 at 2.) Dr. Eldurkar rendered his opinion without the benefit of diagnostic testing. (Ex. 3 at 2.)

Dr. Robertson is an orthopedic surgeon. (Ex. 4 at 1.) His records document two treatment visits. (Ex. 5 at 3-4.) Dr. Robertson recorded the history of injury from Ms. Kirk as, "she was reaching for something on a shelf when her left shoulder popped." (Ex. 4 at 2.) Prior to giving his opinion "that the reported work related events of 09/24/14, more likely than not contributed more than 50% to primarily result in [Ms. Kirk's] left shoulder injury" (Ex. 18), Dr. Robertson had the benefit of x-rays of the left shoulder, which revealed "a type III acromion and mild glenohumeral degenerative joint disease." (Ex. 4 at 3.)

---

[11] Ms. Kirk described the same mechanism of injury to the on-site facility where she received treatment on the date of injury (Ex. 2 at 1) and in the Associate First Report of Injury she completed on the date of injury. (Ex. 7.)

The Court finds Dr. Robertson's opinion more likely represents an accurate causation assessment than Dr. Eldurkar's opinion because he recorded a more accurate history and utilized diagnostic testing to diagnose Ms. Kirk's injury. Additionally, Dr. Eldurkar stated his causation opinion only twelve days after the date of injury (Ex. 3 at 5), and without knowing the anatomical condition of Ms. Kirk's left shoulder. (Ex. 3.) The Court also finds Dr. Robertson was in a better position to consider the causation of Ms. Kirk's injury because he saw her almost five months after the date of injury, when he could assess her injury after a healing period. (Ex. 4 at 2.)

Tennessee courts have long held that the employee's credible testimony of injury is relevant to the determination of the work-relatedness of an injury. *See Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991); *Tindall v. Waring Park Ass'n.,* 725 S.W.2d 935, 937 (Tenn. 1987). The Workers' Compensation Appeals Board has recently held that live testimony by a lay witness may influence the trier of fact in the consideration of expert medical proof. *Lambdin v. Goodyear Tire & Rubber Co.,* No. W2013-01597-SC-WCO-WC, 2015 Tenn. LEXIS 94, at *21 (Tenn. Jan. 29, 2015); *Caskey v. Powers Pizza, LLC,* No. 2015-04-0038, 2015 TN Wrk. Comp. App. Bd. LEXIS __, sl. op. at 5 (Tenn. Workers' Comp. App. Bd. Oct. 7, 2015). In *Campbell v. PML, Inc.,* No. W2008-01539-WC-R3-WC, 2009 Tenn. LEXIS 68, at *11 (Tenn. Workers' Comp. Panel May 6, 2009), the Panel held the presumption of causation by intoxication afforded by Tennessee Code Annotated section 50-6-110(c)(1) was properly rebutted by credible lay testimony that the injured employee was not impaired at the time of injury. In view of the above-cited authority, the Court finds it proper to consider Ms. Kirk's testimony in determining whether a preponderance of the evidence rebuts Dr. Eldurkar's opinion of non-compensability.

The Court observed Ms. Kirk's in-person testimony at the previous Expedited Hearing and found her testimony credible. Amazon has not come forward with evidence that Ms. Kirk's injury occurred other than as she testified. Ms. Kirk gave credible testimony, and, as previously discussed, the Court found that Dr. Robertson was better-positioned to assess causation than was Dr. Eldurkar. Accordingly, the Court finds that, at a Compensation Hearing, Ms. Kirk will likely prevail in rebutting Dr. Eldurkar's opinion of non-compensability and in establishing that her left-shoulder injury arose primarily out of and in the course and scope of her employment by Amazon.

*Ms. Kirk is Entitled to Medical Benefits.*

In *Lambert v. Famous Hospitality, Inc.,* 947 S.W.2d 852, 854 (Tenn. 1997), the Supreme Court reiterated that, when an employer's refusal to authorize treatment of a compensable injury compelled the injured worker to seek unauthorized medical care for a work injury, the employer must pay for the treatment provided by the unauthorized providers, and the employee may continue with an unauthorized physician for future

8

reasonable and necessary treatment. The Court finds that Amazon must pay for past treatment and examination by Dr. Robertson and, at her option, Ms. Kirk may seek future treatment of her work-related left-shoulder injury from Dr. Robertson or a physician selected from a panel submitted by Amazon.

*Ms. Kirk is Entitled to Temporary Partial Disability Benefits.*

Temporary partial disability refers to the time during which an injured employee is able to resume some gainful employment but has not reached maximum medical recovery. *Williams v. Saturn Corp.,* No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, *6-7 (Tenn. Workers' Comp. Panel July 18, 2005); *Jewell v. Cobble Construction and Arcus Restoration,* No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015). Tennessee Code Annotated section 50-6-207(2) (2014) provides for temporary partial disability benefits. The prescribed method of calculation is, "sixty-six and two thirds percent (66 2/3%) of the difference between the average weekly wage of the worker at the time of the injury and the wage the employee is able to earn in the worker's partially disabled condition."

At the first Expedited Hearing, the parties stipulated that the eligibility period for temporary disability benefits, if any, "should commence February 19, 2015, due to the Employee being placed on restricted duty, which the Employer was unable to accommodate." (T.R. 4.) Dr. Robertson's records indicate that, on February 19, 2015, he restricted Ms. Kirk, due to her left-shoulder injury, to "no lifting, pushing, or pulling greater than 10 lbs (LUE)." (Ex. 5 at 10.) On March 19, 2015, Dr. Robertson modified the restrictions to "no overhead use of the LUE x 4 wks." (Ex. 5 at 5.)

Ms. Kirk testified without rebuttal at the in-person Expedited Hearing that she remained off work at that time because Amazon could not accommodate the restrictions placed by Dr. Robertson. A Work Slip submitted by Ms. Kirk with her renewed REH, to which Amazon did not object, established that Dr. Robertson released Ms. Kirk to unrestricted work on June 23, 2015. (Ex. 19.) The Court has no evidence before it indicating that Ms. Kirk worked for Amazon or any other employer from the date of the in-person hearing until her release to unrestricted work. Accordingly, the Court finds that, at a hearing on the merits, Ms. Kirk will likely prevail in establishing she is entitled to an award of temporary partial disability benefits from February 19, 2015, until June 23, 2015, a period of seventeen weeks, six days.

The Wage Statement introduced at the first Expedited Hearing established an average weekly wage of $509.54. (Ex. 9.) Consequently, the Court finds Ms. Kirk's compensation rate is $339.71 per week. The Court finds Ms. Kirk earned $0 per week during the period of temporary partial disability, thus the Court awards Ms. Kirk $6,366.80 in temporary partial disability benefits.

Ms. Kirk's attorney asked the Court to approve the statutory attorney's fee if the Court awarded temporary disability benefits in this claim. Amazon did not object. The Court finds Ms. Ware worked diligently in preparing Ms. Kirk's claim and that her expertise in presenting this claim substantially assisted her client in obtaining an award of medical and temporary partial disability benefits. In view of this finding, the Court awards Ms. Ware an attorney's fee of $1,273.36, payable from the temporary partial disability award set forth above.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon or its workers' compensation carrier shall provide Ms. Kirk with medical treatment of her work-related left-shoulder injury as required by Tennessee Code Annotated section 50-6-204. Amazon or its carrier shall initiate the ordered treatment by promptly authorizing, at Ms. Kirk's option, Dr. Jason Robertson or a physician selected from a compliant panel, to provide future reasonable and necessary treatment of her compensable injury. Ms. Kirk and/or the providers of the authorized reasonable and necessary treatment of her work-related injury shall furnish Amazon or its carrier bills for the charges incurred for compensable care, and Amazon or its carrier shall timely pay said charges.

2. Upon presentment of bills by Ms. Kirk and/or her treating providers, Amazon or its carrier shall timely pay the charges for past treatment of Ms. Kirk's work-related left-shoulder injury by, or upon the prescription of, Dr. Jason Robertson.

3. Amazon and/or its carrier shall pay Ms. Kirk temporary partial disability benefits for a period of disability from February 19, 2015, until June 23, 2015, a period of seventeen weeks, six days, at the rate of $339.71 per week, said benefits totaling $6,366.80.

4. Attorney Ware is entitled to an attorney's fee of $1,273.36, based on the statutory rate of twenty percent of the award of temporary partial disability benefits herein.

5. This matter is set for an Initial (Scheduling) Hearing on December 15, 2015, at 10:00 a.m. Eastern Time.

6. **Unless interlocutory appeal or the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau of Workers' Compensation by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the**

10

**period of compliance may result in a penalty assessment for non-compliance.**

7. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email to WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 8ᵗʰ day of October, 2015.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set on December 15, 2015, at 10:00 a.m., Eastern Time, with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 615-741-3061 or toll-free at 855-747-1721 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit

11

of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order For Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 8th day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|-----------|-----------|---------------|
| Carmen Ware, attorney | | | | | x | Cyware@thewarelawfirm.com |
| Charles E. Pierce, attorney | | | | | x | cepierce@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

13

# APPENDIX

Exhibits:[i]

1. Affidavit of Regina Kirk (introduced with first Request for Expedited Hearing);
2. Records of AmCare;
3. Records of Workforce Corporate Health/Dr. Jayant Eldurkar;
4. Records of Center for Sports Medicine & Orthopaedics/Dr. Jason Robertson (the records in this exhibit were filed with the Dispute Certification Notice);
5. Records of Center for Sports Medicine & Orthopaedics/Dr. Jason Robertson (the records in this exhibit were obtained pursuant to subpoena and filed by permission granted in the Court's order of May 26, 2015);
6. First Report of Injury;
7. Associate First Report of Injury;
8. Notice of Denial of Claim for Compensation;
9. Wage Statement;
10. Agreement between Employer/Employee Choice of Physician form;
11. Authorization for Initial Medical Evaluation;
12. Return to Work Order dated February 19, 2015;
13. Clinical Visit Summary from Center for Sports Medicine & Orthopaedics dated February 19, 2015 (page 2);
14. Clinical Visit Summary from Center for Sports Medicine & Orthopaedics dated February 19, 2015 (page 1);
15. Physical/Occupational Therapy Order dated February 19, 2015;
16. Damages/Benefits Due chart prepared by Ms. Kirk's attorney (Marked for Identification Purposes only);
17. Affidavit of Regina Kirk (filed eight days after Ms. Kirk filed her second Request for Expedited Hearing);
18. Causation questionnaire signed by Dr. Jason Robertson (filed as an exhibit to Ms. Kirk's August 18, 2015 Position Statement (T.R. 6)); and
19. Work Slip (filed as an exhibit to Ms. Kirk's August 18, 2015 Position Statement (T.R. 6)).

Technical record:

1. Petition for Benefit Determination, filed February 19, 2015;
2. Dispute Certification Notice, filed April 17, 2015;
3. Request for Expedited Hearing, filed May 4, 2015;
4. Agreed Stipulation, filed June 19, 2015;
5. Expedited Hearing Order Denying Medical and Temporary Disability Benefits, filed July 7, 2015;
6. Second Request for Expedited Hearing, with Position Statement, filed August 18, 2015;
7. Employer's Response to Employee's Request for Benefits, filed August 20, 2015;
8. Employee's Reply to Employer's Response to Employee's Request for Benefits, filed August 26, 2015;

14

9. Motion to Dismiss, filed August 27, 2015;
10. Employee's Response in Opposition to Employer's Motion to Dismiss, filed September 2, 2015; and
11. Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims, filed August 7, 2015.

[i] The Court takes judicial notice of the first sixteen exhibits, which were admitted into evidence during the first Expedited Hearing. *See* footnote 2.